```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF KANSAS


LESLIE A. MANDEVILLE,         )
                              )
               Plaintiff,     )
                              )
vs.                           )    Case No. 07-1001-WEB
                              )
MICHAEL J. ASTRUE,            )
Commissioner of               )
Social Security,              )
                              )
               Defendant.     )
_____)
```

RECOMMENDATION AND REPORT

This is an action reviewing the final decision of the Commissioner of Social Security denying the plaintiff supplemental security income payments. The matter has been fully briefed by the parties and has been referred to this court for a recommendation and report.

**I. General legal standards**

The court's standard of review is set forth in 42 U.S.C. § 405(g), which provides that "the findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." The court should review the Commissioner's decision to determine only whether the decision was supported by substantial evidence and whether the Commissioner applied the

correct legal standards.  <u>Glenn v. Shalala</u>, 21 F.3d 983, 984 (10th Cir. 1994).  Substantial evidence requires more than a scintilla, but less than a preponderance, and is satisfied by such evidence that a reasonable mind might accept to support the conclusion.  The determination of whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it really constitutes mere conclusion.  <u>Ray v. Bowen</u>, 865 F.2d 222, 224 (10th Cir. 1989).  Although the court is not to reweigh the evidence, the findings of the Commissioner will not be mechanically accepted.  Nor will the findings be affirmed by isolating facts and labeling them substantial evidence, as the court must scrutinize the entire record in determining whether the Commissioner's conclusions are rational.  <u>Graham v. Sullivan</u>, 794 F. Supp. 1045, 1047 (D. Kan. 1992).  The court should examine the record as a whole, including whatever in the record fairly detracts from the weight of the Commissioner's decision and, on that basis, determine if the substantiality of the evidence test has been met.  <u>Glenn</u>, 21 F.3d at 984.

   The Social Security Act provides that an individual shall be determined to be under a disability only if the claimant can establish that they have a physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial

gainful activity (SGA).  The claimant's physical or mental impairment or impairments must be of such severity that they are not only unable to perform their previous work but cannot, considering their age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.  42 U.S.C. § 423(d).

The Commissioner has established a five-step sequential evaluation process to determine disability.  If at any step a finding of disability or non-disability can be made, the Commissioner will not review the claim further.  At step one, the agency will find non-disability unless the claimant can show that he or she is not working at a "substantial gainful activity."  At step two, the agency will find non-disability unless the claimant shows that he or she has a "severe impairment," which is defined as any "impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities."  At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled.  If the claimant's impairment does not meet or equal a listed impairment, the inquiry proceeds to step four, at which the agency assesses whether the claimant can do his or her previous work; unless the claimant shows that he or she cannot perform their previous work, they are determined not

to be disabled.  If the claimant survives step four, the fifth and final step requires the agency to consider vocational factors (the claimant's age, education, and past work experience) and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy. Barnhart v. Thomas, 124 S. Ct. 376, 379-380 (2003).

The claimant bears the burden of proof through step four of the analysis.  Nielson v. Sullivan, 992 F.2d 1118, 1120 (1993). At step five, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in the national economy.  Nielson, 992 F.2d at 1120; Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993).  The Commissioner meets this burden if the decision is supported by substantial evidence. Thompson, 987 F.2d at 1487.

Before going from step three to step four, the agency will assess the claimant's residual functional capacity (RFC).  This RFC assessment is used to evaluate the claim at both step four and step five.  20 C.F.R. § 404.1520(a)(4); 404.1520(f,g).

**II.  History of case**

On June 16, 2006, administrative law judge (ALJ) Melvin B. Werner issued his decision (R. at 18-26).  Plaintiff originally alleged that his disability began October 29, 2002, but amended the alleged onset date of disability to January 10, 2006 (R. at 18).  At step one, the ALJ determined that plaintiff had not

4

engaged in substantial gainful activity at any time relevant to the decision (R. at 21). At step two, the ALJ found that plaintiff had the following severe impairments: degenerative disc disease of the lumbar and cervical spines and bulging disc with spondylitis (R. at 21). The ALJ further determined at step two that plaintiff's depression was not a severe impairment and that the existence of a cardiac problem could not be medically determined (R. at 22). At step three, the ALJ found that plaintiff's impairments do not meet or equal a listed impairment (R. at 22). After establishing plaintiff's RFC, the ALJ found at step four that plaintiff cannot perform past relevant work (R. at 24). At step five, the ALJ found that plaintiff can perform other work which exists in significant numbers. Therefore, the ALJ concluded that plaintiff was not disabled (R. at 25-26).

**III. Did the ALJ err in his evaluation of plaintiff's mental impairment?**

At step two, the ALJ found that plaintiff's mental impairment was not severe. The ALJ specifically agreed with the opinion of the state agency psychologist, including his findings on the Psychiatric Review Technique Form (PRTF) (R. at 22).

The state agency assessment, performed by Dr. Schloesser, is dated October 25, 2004 (R. at 233-248). On October 15, 2004, Dr. Mark Goodman performed a mental status examination on the plaintiff (R. at 249-251). Dr. Goodman rendered the following

opinion regarding plaintiff's ability to work:

> She should be able intellectually to follow simple oral instructions and carry out instructions under ordinary supervision providing that her physical condition will allow her to do so. She should be able intellectually to relate appropriately to coworkers and supervisors, meet quality standards and production norms, and sustain work with adequate attendance, again, providing that her physical condition will allow her to do so and **that any work remain very simple, routine, repetitive, and low stress in nature**.

(R. at 251, emphasis added). Dr. Goodman specifically opined that any work by the plaintiff should remain very simple, routine, repetitive, and low stress in nature. However, the ALJ's decision never even mentioned these opinions of Dr. Goodman. Furthermore, the state agency assessment by Dr. Schloesser, upon whom the ALJ relied on in making his findings regarding the severity of plaintiff's mental impairment, never mentioned any of the above opinions by Dr. Goodman regarding plaintiff's ability to work (R. at 247). Without explanation, none of the limitations opined by Dr. Goodman are included in the ALJ's RFC findings for the plaintiff.

An ALJ must evaluate every medical opinion in the record, although the weight given to each opinion will vary according to the relationship between the disability claimant and the medical professional. Hamlin v. Barnhart, 365 F.3d 1208, 1215 (10th Cir. 2004). In the determination of issues reserved to the

6

Commissioner, such as opinions regarding: whether an impairment meets or equals a listing, plaintiff's RFC, whether a plaintiff can do past relevant work, how age, education, and work experience apply, and whether a plaintiff is disabled, treating source opinions are not entitled to special significance or controlling weight.  Soc. Sec. Rul. 96-5p, (Medical Source Opinions on Issues Reserved to the Commissioner), 1996 WL 374183, at *2.  However, even on issues reserved to the Commissioner, including the RFC determination and the ultimate issue of disability, opinions from any medical source must be carefully considered and must never be ignored.  Social Security Ruling (SSR) 96-5p, 1996 WL 374183 at *2-3.  It is clear legal error to ignore a medical opinion.  Victory v. Barnhart, 121 Fed. Appx. 819, 825 (10th Cir. Feb. 4, 2005).  It is reversible error for the ALJ not to discuss uncontroverted evidence he chooses not to rely on, as well as significantly probative evidence he rejects.  Grogan v. Barnhart, 399 F.3d 1257, 1266 (10th Cir. 2005).

In the case of Victory v. Barnhart, 121 Fed. Appx. at 825, the court indicated that the ALJ, inexplicably, had made no mention of Dr. Hale's opinions and gave no reason for disregarding his opinions.  The court held that this was clear legal error.  The ALJ in this case (Mandeville) clearly erred by failing to give any consideration to the opinions of Dr. Goodman, specifically his opinions that any work for plaintiff "remain

very simple, routine, repetitive, and low stress in nature" (R. at 251). Therefore, the case shall be remanded in order for the ALJ to consider and determine what weight should be accorded to the opinions of Dr. Goodman, and reexamine the step two findings, plaintiff's credibility, and the RFC findings[1] in light of the opinions of Dr. Goodman.

At step two, in finding that plaintiff's depression and anxiety were not severe, the ALJ noted that plaintiff "takes no medication for these problems" (R. at 22). However, plaintiff, citing to the record, stated that plaintiff took a number of medications for depression and/or anxiety (Doc. 9 at 17). Defendant's brief concedes that plaintiff was taking antidepressant medication during the relevant time period (Doc. 12 at 8). Therefore, on remand, the ALJ shall consider the medications taken by the plaintiff when considering the severity of plaintiff's mental impairment.

---

[1]When making RFC findings, the ALJ shall comply with SSR 96-8p, which states that the ALJ "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts...and nonmedical evidence." The ALJ must explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved. The RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the ALJ must explain why the opinion was not adopted. SSR 96-8p, 1996 WL 374184 at *7. SSR rulings are binding on an ALJ. 20 C.F.R. § 402.35(b)(1); Sullivan v. Zebley, 493 U.S. 521, 530 n.9, 110 S. Ct. 885, 891 n.9, 107 L. Ed.2d 967 (1990); Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993).

On remand, the ALJ should also consider the reports and mental RFC assessment of Sean Wagner, a licensed clinical psychotherapist, which were first presented to the Appeals Council (R. at 301-309). Mr. Wagner's report and assessment should also be considered in light of the report of Dr. Goodman and the other evidence in the case.

The Appeals Council noted that Mr. Wagner's conclusions were not supported by the record or his progress notes (R. at 6). In Robinson v. Barnhart, 366 F.3d 1078, 1084 (10th Cir. 2004) the court held that if the ALJ concluded that the treatment provider failed to provide sufficient support for his conclusions about plaintiff's limitations, the severity of those limitations, the effect of those limitations on her ability to work, or the effect of prescribed medication on her ability to work, the ALJ should have recontacted the treatment provider for clarification of his opinion before rejecting it. 366 F.3d at 1084. In addition, SSR 96-5p states the following:

> Because treating source evidence (including opinion evidence) is important, if the evidence does not support a treating source's opinion on any issue reserved to the Commissioner and the adjudicator cannot ascertain the basis of the opinion from the case record, the adjudicator must make "every reasonable effort" to recontact the source for clarification of the reasons for the opinion.

1996 WL 374183 at *6. Thus, on remand, the ALJ should consider recontacting Mr. Wagner in order to clarify the reasons for his

9

opinions.  If Mr. Wagner is not recontacted, the ALJ shall explain the factual and legal basis for not recontacting him.

**IV.  Did the ALJ err in his finding the existence of a cardiac problem cannot be medically determined?**

The burden of proof at step two is on the plaintiff.  See Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993)(the claimant bears the burden of proof through step four of the analysis).  A claimant's showing at step two that he or she has a severe impairment has been described as "de minimis."  Hawkins v. Chater, 113 F.3d 1162, 1169 (10th Cir. 1997); see Williams v. Bowen, 844 F.2d 748, 751 (10th Cir. 1988)("de minimis showing of medical severity").  A claimant need only be able to show at this level that the impairment would have more than a minimal effect on his or her ability to do basic work activities.[2]  Williams,844 F.2d at 751.  However, the claimant must show more than the mere presence of a condition or ailment.  If the medical severity of a claimant's impairments is so slight that the impairments could not interfere with or have a serious impact on the claimant's

---

[2]Basic work activities are "abilities and aptitudes necessary to do most jobs," 20 C.F.R. § 404.1521(b)[416.921(b)], including "walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling; seeing, hearing, and speaking; understanding, carrying out, and remembering simple instructions; use of judgement, responding appropriately to supervision, coworkers, and usual work situations; and dealing with changes in a routine work setting." Social Security Ruling 85-28, 1985 WL 56856 at *3.  Langley v. Barnhart, 373 F.3d 1116, 1123 (10th Cir. 2004).

ability to do basic work activities, the impairments do not prevent the claimant from engaging in substantial work activity. Thus, at step two, the ALJ looks at the claimant's impairment or combination of impairments only and determines the impact the impairment would have on his or her ability to work.  Hinkle v. Apfel, 132 F.3d 1349, 1352 (10th Cir. 1997).

A claimant must provide medical evidence that he or she had an impairment and how severe it was during the time the claimant alleges they were disabled.  20 C.F.R. § 404.1512(c), § 416.912(c).  The evidence that a claimant has an impairment must come from acceptable medical sources including licensed physicians or psychologists.  20 C.F.R. § 404.1513(a), § 416.913(a).  Evidence from other medical sources, including therapists, nurse-practitioners, and physicians' assistants, may be used to show the severity of an impairment and how it affects the ability to work.  20 C.F.R. § 404.1513(d)(1), § 416.913(d)(1).

Plaintiff contends that the medical evidence indicates that there is evidence of heart problems, including a finding of aortic valve insufficiency (Doc. 9 at 20).  Because this case is being remanded for other reasons, the ALJ, upon remand, shall consider the evidence cited to by the plaintiff in her brief. However, plaintiff is reminded that medical evidence of an impairment does not establish that the impairment is severe.

The burden of proof is on the plaintiff to provide medical evidence that the impairment, even it is exists, is a severe impairment.  Plaintiff did not cite to any evidence in her brief that would indicate that plaintiff's heart problems, even if they exist, are a severe impairment.

**V.  Did the ALJ err in his credibility analysis?**

A reviewing court does not weigh the evidence and may not substitute its discretion for that of the agency.  Credibility determinations are peculiarly the province of the finder of fact, and a court will not upset such determinations when supported by substantial evidence.  However, findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings.  <u>Kepler v. Chater</u>, 68 F.3d 387, 391 (10th Cir. 1995).  Furthermore, the ALJ cannot ignore evidence favorable to the plaintiff.  <u>Owen v. Chater</u>, 913 F. Supp. 1413, 1420 (D. Kan. 1995).

When analyzing evidence of pain, the court does not require a formalistic factor-by-factor recitation of the evidence.  So long as the ALJ sets forth the specific evidence he relies on in evaluating the claimant's credibility, the ALJ will be deemed to have satisfied the requirements set forth in <u>Kepler</u>.  <u>White v. Barnhart</u>, 287 F.3d 903, 909 (10th Cir. 2002); <u>Qualls v. Apfel</u>, 206 F.3d 1368, 1372 (10th Cir. 2000).  An ALJ must therefore explain and support with substantial evidence which part(s) of

claimant's testimony he did not believe and why.  <u>McGoffin v. Barnhart</u>, 288 F.3d 1248, 1254 (10th Cir. 2002).  It is error for the ALJ to use standard boilerplate language which fails to set forth the specific evidence the ALJ considered in determining that a claimant's complaints were not credible.  <u>Hardman v. Barnhart</u>, 362 F.3d 676, 679 (10th Cir. 2004).  On the other hand, an ALJ's credibility determination which does not rest on mere boilerplate language, but which is linked to specific findings of fact fairly derived from the record, will be affirmed by the court.  <u>White</u>, 287 F.3d at 909-910.

As noted above, the ALJ shall reevaluate plaintiff's credibility after considering the opinions of Dr. Goodman and Mr. Wagner, plaintiff's psychotherapist, and plaintiff's use of prescribed medication to treat depression and/or anxiety.  The ALJ shall also consider the third party report provided by Ms. Rutledge (R. at 106-114).  The ALJ's decision does not mention her report.  Thus, it is not at all clear that the ALJ considered her report in making his decision.  A review of Ms. Rutledge's report indicates that it provides some support for plaintiff's credibility.  Without the benefit of the ALJ's findings supported by the weighing of this relevant evidence, the court cannot determine whether the ALJ's conclusions are supported by substantial evidence.  <u>Blea v. Barnhart</u>, 466 F.3d 903, 915 (10th Cir. 2006).

Finally, the court would note that a court cannot reweigh the evidence nor substitute its judgment for that of the agency. White v. Barnhart, 287 F.3d 903, 905, 908, 909 (10th Cir. 2002). However, because this case is being remanded for the reasons set forth above, the ALJ should also consider other evidence cited by the plaintiff in her credibility argument when this case is remanded (Doc. 9 at 31-39).

IT IS THEREFORE RECOMMENDED that the decision of the Commissioner be reversed, and that the case be remanded for further proceedings (sentence four remand) for the reasons set forth above.

Copies of this recommendation and report shall be provided to counsel of record for the parties. Pursuant to 28 U.S.C. § 636(b)(1), as set forth in Fed.R.Civ.P. 72(b) and D. Kan. Rule 72.1.4, the parties may serve and file written objections to the recommendation within 10 days after being served with a copy.

Dated at Wichita, Kansas, on October 30, 2007.

>                s/John Thomas Reid
>                JOHN THOMAS REID
>                United States Magistrate Judge